**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4839**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIMMY LEE DOWNEY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:16-cr-00098-LCB-1)

Submitted:  July 6, 2017                                Decided:  July 11, 2017

Before TRAXLER, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Lee Downey, Jr. pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Downey above the advisory Guidelines range to 51 months of imprisonment followed by 3 years of supervised release, and he now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is reasonable. Downey was advised of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

On appeal, counsel questions whether the district court properly allowed testimony regarding an incident underlying pending state court charges against Downey at the sentencing hearing. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir.), *cert. denied.* 136 S. Ct. 1833 (2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir 2008). If a district court imposes a sentence outside of the advisory Guidelines range, we do not impose a presumption of reasonableness, but give due deference to the district court's decision that

2

the § 3553(a) factors justified the extent of the variance. *United States v. Pauley*, 511 F.3d 468, 473-74 (4th Cir. 2007).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, responded to the parties' sentencing arguments, thoroughly explained the chosen sentence, and did not err in admitting any testimony at the sentencing hearing. In addition, based on the factors identified by the district court, the above-Guidelines sentence is also substantively reasonable.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Downey, in writing, of the right to petition the Supreme Court of the United States for further review. If Downey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Downey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*